CASE 38—INDICTMENT—FEBRUARY 28.

# Owens vs. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT.

One who, at the time of committing an offense, was a slave, but was afterwards emancipated, cannot be punished as a free person.

S. HARNEY for appellant.

JOHN M. HARLAN, Attorney General, for the Commonwealth.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

On an indictment against *David Owens*, as a free man of color, charging him with grand larceny, committed in September, 1865, he was tried and convicted, on the 17th of January, 1866, and sentenced to confinement in the penitentiary for five years. To avoid the punishment denounced against a free man, which greatly exceeds that of a slave for the same offense, the appellant proved that, only a few weeks before the perpetration of the admitted crime, he was the

slave of *Hamilton*, of the city of Louisville, where the larceny was committed. To rebut that evidence, as well as the presumption arising from color, the Commonwealth, against his protest, proved that, for some weeks immediately preceding the stealing, and at that time, and ever since, " the master (of appellant) exercised no control over him and made no claim to him." And, on that testimony, the court instructed the jury, in substance and effect, that it authorized them to find that he was a free man.

In admitting that evidence, and in giving that instruction, the circuit court erred to the appellant's prejudice.

A documentary emancipation, as required by the law of Kentucky, could not be presumed in the absence of any direct proof of it, nor, without positive proof, could emancipation in any other legal mode be inferred from the only testimony before the jury. The evidence objected to was, therefore, incompetent. But, had it been competent, the instruction was misleading and erroneous. The fact that the appellant acted as a free man, with the apparent acquiescence of his master, could not, *per se*, prove or tend to prove that he was not still a legal slave, and, the more especially, as military rule and free passes then prevailed in Louisville.

And, though, at the time of the judgment of conviction, the appellant may have been free, as a legal consequence of the adoption of the amendment of the Constitution abolishing slavery, yet, for the offense committed when a slave, he could not be legally convicted and punished as a free man.

Consequently, this court cannot sustain the judgment.

Wherefore, the judgment of conviction is reversed, and the cause remanded for a new trial.